**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM LEE BELL, | No. 20-16600 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-04809-MTL-JFM |
| v. | |
| COUNTY OF MARICOPA; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Submitted March 16, 2022**

Before:    SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Arizona state prisoner William Lee Bell appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging an access-to-

courts claim.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

dismissal under 28 U.S.C. § 1915A.  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2000).  We affirm.

The district court properly dismissed Bell's action because Bell failed to allege facts sufficient to demonstrate that he suffered an actual injury.  *See Lewis v. Casey*, 518 U.S. 343, 349-53 (1996) (elements of an access-to-courts claim and actual injury requirement); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

**AFFIRMED.**